UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TOAN MINH TRUONG,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,
Respondents.

Case No.: 3:26-cv-04204-RBM-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Toan Minh Truong's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his immigration detention. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Vietnam, entered the United States without inspection on or about October 9, 2023. (Doc. 1 ¶¶ 2, 4.) The United States Department of Homeland Security "permitted Petitioner to reside in the community subject to ICE reporting requirements." (*Id.* ¶ 5.) Petitioner resided in the United States continuously since then, complying with reporting requirements, getting married and having his wife file a Petition for Alien Relative, and accruing no criminal history. (*Id.* ¶¶ 6, 9–15.) On June 30, 2026, Petitioner attended a scheduled ICE check-in, where he was detained and taken to Otay

Mesa Detention Center. (*Id.* ¶¶ 7–8.) Petitioner has not received a bond hearing because immigration judges lack jurisdiction to hold them under agency precedent. (*Id.* ¶ 17.)

On July 22, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule the next day. (Doc. 2.) Respondents filed their Response to Petition on July 30, 2026. (Doc. 4.) Petitioner was authorized to file a reply on or before August 6, 2026, but did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 119–154.) Respondents argue "that Petitioner is subject to mandatory detention under § 1225(b)(2)," but "do[ ] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 4 at 1–2.)

After the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*, — F. 4th —, 2026 WL 2196424 (9th Cir. July 30, 2026). In *Rodriguez Vazquez*, the Ninth Circuit rejected Respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for three years (*see* Doc. 1 ¶¶ 2, 4, 7), the discretionary detention procedures

of § 1226(a) govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting reporting requirements.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.
[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: August 7, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").